**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | |
|---|---|
| DARLEEN RUBIN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | No. 07-78C<br>Judge Nancy B. Firestone |

**UNITED STATES' ANSWER**

The United States of America ("government") respectfully submits its answer to the averments contained in the complaint filed by plaintiff Darleen Rubin ("Rubin"), on January 31, 2007, in accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure and the Rules the Court of Federal Claims, and states as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint states legal conclusions to which no responses are required. To the extent that a response is required, the government denies the allegations contained in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. The government denies the averments in paragraph 2 that this Court has jurisdiction over this action. This Court has no jurisdiction over any action pursuant to the Copyright Act, 17 U.S.C. § 501, and has no jurisdiction over any breach of implied contract claims pursuant to 28 U.S.C. § 1491, because that action is barred by the jurisdictional, six-year statute of limitations set forth in 28 U.S.C. § 2501.

3. The government denies the averments in paragraph 3 that this Court has venue over this action pursuant to 28 U.S.C. § 1498(b) because the statute sets forth this Court's jurisdiction and not venue. The government also denies the averments in paragraph 3 because any alleged copyright infringement occurred more that three years prior to seeking relief from the National Institutes of Health or from the filing of this action, and is therefore barred under 28 U.S.C. § 1498. The government denies all further averments in paragraph 3 of the Complaint.

## THE PARTIES

4. The government admits that Rubin is a photographer, but denies the remaining averments of paragraph 4 because the government is without knowledge or information sufficient to form a belief as to the truth concerning where Rubin resides.

5. The government admits the averments of paragraph 5 of the Complaint.

## FACTS

### RUBIN'S BACKGROUND

6. The government is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint and, therefore, denies them.

7. The government is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint and, therefore, denies them.

### RUBIN'S CREATION OF THE PHOTOGRAPH

8. The government admits that on August 25, 1998, Rubin attended the NATAS Community Service Awards and Public Service Announcement Emmy Awards. The government is without knowledge or information sufficient to form a belief as to the truth concerning the remaining averments in paragraph 8 of the Complaint and, therefore, denies them.

9. The government admits that at the event, Rubin took photographs of Emmy award recipients Jane Shure ("Shure"), the public information officer for NIH's National Institute of Aging, and Roger Vilsack ("Vilsack"), president of Vilsack Productions ("Shure photograph"). The government is without knowledge or information sufficient to form a belief as to the truth concerning the remaining averments in paragraph 9 of the Complaint and, therefore, denies them.

10. The government admits that Rubin provided her business information to Shure. The government is without knowledge or information sufficient to form a belief as to the truth concerning the remaining averments in paragraph 10 of the Complaint and, therefore, denies them.

**RUBIN'S ALLEGED CONTRACT WITH NIH FOR THE**
**AUTHORIZED DISPLAY OF RUBIN'S PHOTOGRAPH BY NIH**

11. The government admits the averments in the first two sentences of paragraph 11 of the Complaint. The government also admits that a copy of the invoice described in paragraph 11 of the Complaint is attached as Exhibit 1 to the Complaint, and that Rubin charged NIH $136 for eights 5" X 7" photographic prints. The government denies that "Rubin expressly confirmed her understanding of Shure's request that the prints would be only for NIH's 'personal album use.'" The invoice states that the "[p]hotograph may be used for your forthcoming Newsletter," in addition to stating that the "[p]hotographs also for personal album use." See Exhibit 1 to the Complaint. The government is without knowledge or information sufficient to form a belief as to the truth concerning the placement on the reverse side of any copyright notice on the photographs Rubin sent to NIH, and therefore denies this averment. The government is also without knowledge or information sufficient to form a belief as to the truth concerning whether "Rubin habitually labeled the reverse side of her photographs with a set of three labels

containing these copyright notices and prohibitions," or "[a]n example of a photograph bearing the Copyright Notices that Rubin included on the reverse side of her photographs is attached hereto as Exhibit 2," and therefore denies these averments.

12. The government admits the averments in paragraph 12 of the Complaint.

13. The government denies the averments in paragraph 13 of the Complaint because Ms. Shure has no recollection of such a conversation.

**RUBIN'S ALLEGED COPYRIGHT**

14. The government admits that Rubin attached a copy of the following registration from the Copyright Office as Exhibit 4 to the Complaint: VA 1-364-439, registered on February 1, 2006, and that a registration issued having the number and title set forth in paragraph 14 of the Complaint. The government is without knowledge or information sufficient to form a belief as to the truth of the matter asserted as to the remaining averments in paragraph 14 of the Complaint, and, therefore, denies them.

15. The government is without knowledge or information sufficient to form a belief as to the truth of the matters asserted as to the averments in paragraph 15 of the Complaint, and therefore denies these averments.

16. The government is without knowledge or information sufficient to form a belief as to the truth of the matters asserted as to the averments in paragraph 16 of the Complaint, and therefore denies these averments.

17. The government is without knowledge or information sufficient to form a belief as to the truth of the matters asserted as to the averments in paragraph 17 of the Complaint, and therefore denies these averments.

**NIH'S ALLEGED WRONGFUL CONDUCT**

18. The government assert that Exhibits 1 and 3 of the Complaint speak for themselves. The government is without knowledge or information sufficient to form a belief as to the truth of the matters asserted as to the remaining averments in paragraph 18 of the Complaint, and therefore denies these averments.

19. The government admits that NIH displayed the Shure photograph in its archived September 22, 1998 NIH Record, an NIH publication, but immediately removed the photograph after Rubin contacted NIH on or about October 4, 2005. The government denies the remaining averments in paragraph 19 of the Complaint.

20. The government admits that on or about October 4, 2005, Rubin contacted NIH's Deputy Legal Advisor to request payment for alleged unauthorized use of the Shure photograph, and that NIH removed the Shure photograph from its website. The government is without knowledge or information sufficient to form a belief as to the truth of the matters asserted as to the remaining averments in paragraph 20 of the Complaint, and therefore denies these averments.

21. The government admits that NIH removed the Shure photograph from its website, and did not make any payment to Rubin in addition to $136. The government is without knowledge or information sufficient to form a belief as to the truth of the matters asserted as to the remaining averments in paragraph 21 of the Complaint, and therefore denies these averments.

**COUNT I**

(Alleged Copyright Infringement Under 17 U.S.C. § 501)

22. The government repeats and reasserts its responses to Rubin's allegations contained in paragraphs 1 through 21 of her Complaint as if fully set forth herein.

23. Paragraph 23 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the government denies the averments of paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the government denies any remaining averments in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the government is without knowledge or information sufficient to form a belief as to the truth of the matters asserted as to the averments in paragraph 25 of the Complaint, and therefore denies these averments.

26. Paragraph 26 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the government denies the averments of paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the government denies the averments of paragraph 27 of the Complaint. Rubin has not been damaged and NIH has not been unjustly enriched.

**COUNT II**

(Alleged Tucker Act/Breach of Implied Contract)

28. The government repeats and reasserts its responses to Rubin's allegations contained in paragraphs 1 through 27 of her Complaint as if fully set forth herein.

29. Paragraph 29 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the government denies the averments of paragraph 29 of the Complaint. No implied contract exists between Rubin and NIH.

30. Paragraph 30 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the government denies the averments of paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the government denies the averments of paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the government denies the averments of paragraph 32 of the Complaint. Rubin has not been injured.

Paragraphs 1 – 4[1] set forth Rubin's prayer for judgment and are not averments of fact requiring a response. To the extent that they are considered averments of fact, the government denies them. Rubin is not entitled to the relief sought in paragraphs 1 – 4 of her Complaint.

**<u>THE GOVERNMENT'S FURTHER ANSWER CONCERNING ITS DEFENSES</u>**

Further answering, the government alleges upon current information and belief that:

33. The government has not infringed Rubin's copyrights.

34. Rubin's Tucker Act claim is barred by the six year statute of limitations set forth in 28 U.S.C. § 2501.

---

[1] Rubin misnumbered paragraph 4 of her request for relief as paragraph 3.

35. Rubin is barred from recovering damages for copyright infringement committed more than three years, plus the amount of time between the receipt of the administrative claim and the mailing of the denial, prior to the filing of the Complaint. See 28 U.S.C. § 1498(b).

36. Rubin's claim is barred by equitable considerations, including laches and estoppel.

37. Assuming, arguendo, that Rubin's alleged express authorization for use of the Shure photograph in the September 22, 1998 NIH Record newsletter was time-limited, NIH's inclusion of that same newsletter in an online archive was fair use. See 17 U.S.C. § 107.

38. Answering further, the government asserts any and all defenses which are presently unknown to the government but which, when ascertained, the government prays leave to add to this Answer.

WHEREFORE, the government respectfully requests the following relief:

A. That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for relief sought by Rubin;

B. That the Court adjudge Rubin's copyrights not infringed by or for the government.

C. That the Court adjudge Rubin not entitled to any compensation.

D. That the government recover from Rubin all of its expenses, including costs and attorneys' fees; and

E. That the government have such further relief as the Court deems proper and just.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Susan L. C. Mitchell
SUSAN L. C. MITCHELL
Attorney
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 616-8116
Facsimile: (202) 307-0345

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director

Dated: April 2, 2007