**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | |
|---|---|
| DARLEEN RUBIN, Plaintiff, v. THE UNITED STATES, Defendant. | No. 07-78C<br>Judge Nancy B. Firestone |

**JOINT PRELIMINARY STATUS REPORT**

The United States ("government") contacted plaintiff's counsel on Friday, May 25, 2007, to conduct an early meeting of counsel. Pursuant to such meeting, the Parties jointly file this Joint Preliminary Status Report in accordance with Appendix A of the Rules of the United States Court of Federal Claims.

(a) Does the Court have jurisdiction over the action?

Plaintiff's Position: This Court has jurisdiction over plaintiff's copyright claims pursuant to 28 U.S.C. section 1498(b), and as to the breach of implied contract, the ("Little") Tucker Act, 28 U.S.C. section 1491(a)(1).

Government's Position: While this Court has jurisdiction over copyright infringement claims against the government pursuant to 28 U.S.C. § 1498(b), this Court has no jurisdiction over any action pursuant to the Copyright Act, 17 U.S.C. § 501, because the government has not waived sovereign immunity under such Act. Also, plaintiff's breach of implied contract claim pursuant to 28 U.S.C. § 1491, is barred by the jurisdictional, six-year statute of limitations set forth in 28 U.S.C. § 2501.

(b) Should the case be consolidated with any other case and the reasons therefor?

No.

(c) Should trial of liability and damages be bifurcated and the reasons therefor?

No.

(d) Should further proceedings in this case be deferred pending consideration of another case before this court of any other tribunal and the reasons therefor?

No.

(e) In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?

No.

(f) Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?

Neither party anticipates joining any additional parties.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

Plaintiff's Position: Plaintiff does not intend to file any of the aforementioned pleadings.

Government's Position: The government anticipates filing a motion for summary judgment addressing the statute of limitations bars.

(h) What are the relevant factual and legal issues?

Plaintiff's Position: The relevant issues in this case are the government's unauthorized display of Plaintiff's copyrighted work on its website for a period of years and its failure to compensate her for the fair market value of the unauthorized use of plaintiff's copyrighted work.

Contrary to the Government's assertion, Plaintiff's breach of implied contract claim is *not* barred by the jurisdictional, six-year statute of limitations set forth in 28 U.S.C. section 2501 because this claim, for compensation due and payable periodically, is "by its very nature, a 'continuing claim' which involves multiple causes of action, each arising at the time the Government fails to make the payment . . . due." *Burich v. United States*, 366 F.2d 984, 986 (Ct. Cl. 1966) (citations omitted). It has long been held that a claim "for money improperly withheld" cannot "'first accrue' until money is 'withheld' and money cannot be 'withheld' until due and payable. Accordingly, [such a] suit actually consists of a *series* of separate claims. Each of these separate claims 'first accrue[s]' only on the date defendant fail[s] to make a payment then due." *Hart v. United States*, 17 Cl. Ct. 481, 483 (1989) (citations omitted, emphasis in original).

Plaintiff's claim is inherently "susceptible to being broken down into a series of independent and distinct events or wrongs each having its own associated damages," *Landers v. United States*, No. 06-314C, 2006 U.S. Claims LEXIS 357 at *23-24 (Fed Cl. Nov. 20, 2006), since each year of unauthorized use by the Government entitled Ms. Rubin to a set licensing fee. *See also Dalles Irrig. Dist. v. United States*, 71 Fed. Cl. 344, 351-352 (2006) (finding that "[I]f the government . . . breached [a] contract by failing to determine every year whether [plaintiff] was due [an amount] . . . such action would constitute 'independent and distinct wrongs' each year they occurred. Moreover, each of these wrongs would 'accrue[] when that particular wrong occurred, independent of the accrual of other wrongs.'").

With respect to the government's position regarding the statute of limitations as to plaintiff's copyright claim, plaintiff's position is that the continuing unauthorized display of plaintiff's copyrighted work constituted an infringement of plaintiff's rights, and that by the

government's own admission, this conduct occurred within the three year statute of limitations period preceding the filing of the complaint herein, without regard to such issues as tolling the statute during the pendency of plaintiff's claim with the government.

Government's Position: Plaintiff alleges that she took a photograph of Jane Shure, Information Officer for the National Institute of Health's National Institute of Aging, at an event where NIH received an Emmy award in August 1998. NIH purchased the photograph and used it in an NIH newsletter as agreed. See Complaint, Exhibit 3. The newsletter containing the picture was retained in an on-line archive of newsletters for NIH. When plaintiff complained about the use of the photograph in the on-line newsletter in October 2005, the government promptly removed the picture.

Plaintiff's claim for breach of an implied contract is barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501, barring "[e]very claim of which the United States Court of Federal Claims has jurisdiction . . . unless the petition thereon is filed within six years after such claim first accrues." Plaintiff asserts that she granted NIH a one-year, gratis license for use of the photograph for the on-line newsletter that allegedly ended in August 1999. "[A] cause of action accrues when all the events have occurred that fix the defendant's alleged liability and entitle the plaintiff to institute an action." Ariadne Financial Servs. Pty. Ltd. v. United States, 133 F.3d 874, 879 (Fed. Cir. 1998) (quoting Fallini v. United States, 56 F.3d 1378, 1380 (Fed. Cir. 1995)). Therefore, plaintiff's claim accrued no later than September 1999 after the end of the year of free on-line use of the photograph, more than six years before she filed suit against the government in the Court of Federal Claims on January 31, 2007. Plaintiff's claim is barred. See Ariadne, 133 F.3d at 880.

Plaintiff's claim is also barred by the three-year statute of limitations set forth in 28 U.S.C. 1498(b). This statute of limitations provides that "no recovery shall be had for any infringement of a copyright . . . committed more than three years prior to the filing of the complaint or counterclaim for infringement in the action . . . ." 28 U.S.C. § 1498(b). Plaintiff's claim accrued no later than September 1999, more than three years before she filed suit. Therefore, plaintiff's claim is also barred under 28 U.S.C. § 1498(b). See Decca Ltd. v. United States, 544 F.2d 1070, 1082 (1976) (analyzing accrual of analogous patent infringement claim under 1498(a)); Starobin v. United States, 662 F.2d 747, 749–50 (1981) (same); but see Wechsberg v. United States, 54 Fed. Cl. 158,161 (Fed. Cl. 2002).

(i) What is the likelihood of settlement and is alternative dispute resolution contemplated?

Plaintiff's Position: The parties are discussing settlement but no prediction can be made as to the likelihood of success of reaching a settlement.

Government's Position: The government believes that a likelihood of settlement exists for any claims not resolved by motions for summary judgment on statute of limitations issues. The government will consider use of mediation should it appear helpful to achieving an amicable resolution of this case.

(j) Do the parties anticipate proceeding to trial?

The parties presently do anticipate proceeding to trial.

(k) Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?

No.

(l) Are there special issues regarding electronic case management needs?

No.

(m) Is there other information of which the court should be aware at this time?

No.

## **Proposed Discovery Plan**

1. Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) shall be exchanged by **June 15, 2007**.

2. All factual discovery to be completed by **September 28, 2007**.

3. All experts who may be used at trial to present evidence on any liability or damages issue under Rules 702, 703, or 705 of the Federal Rules of Evidence will be disclosed no later than **October 6, 2007**.

4. Disclosure of expert reports in compliance with RCFC 26(a)(2)(B) of any expert who may be used at trial to present evidence on any liability or damages issue under Rules 702, 703, or 705 of the Federal Rules of Evidence, for which a party has the burden of proof at trial no later than **December 7, 2007**.

5. Disclosure of any expert reports in compliance with RCFC 26(a)(2)(B) of any expert who may be used at trial to present evidence on any liability or damages issue under Rules 702, 703, or 705 of the Federal Rules of Evidence, to rebut any expert testimony offered by a party that has the burden of proof at trial no later than **January 25, 2008**.

6. Any expert witness depositions will take place no later than **February 22, 2008**.

7. All motions for summary judgment must be filed no later than **March 21, 2008.**.

Respectfully submitted,

Dated: May 29, 2007

s/Robert Philip Reznick_____
ROBERT PHILIP REZNICK
JULIUS RABINOWITZ
MEGAN E. CANTER
Hughes, Hubbard & Reed
1775 Eye Street, N.W.
Suite 600
Washington, D.C. 20006-2401
Tel: (202) 721-4600

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

Dated: May 29, 2007

s/Susan L. C. Mitchell_____
SUSAN L. C. MITCHELL
Attorney
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 616-8116
Facsimile: (202) 307-0345

Attorneys for Defendant